UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
                              )
ROBERT J. MILNE,              ) CIVIL ACTION NO: 302CV660 CFD
           Plaintiff,         )
                              )
vs.                           )
                              )
CATUOGNO COURT REPORTING      )
SERVICES, INC., STEN-TEL, INC.,)
AND RAYMOND F. CATUOGNO,      ) JOINT STATUS REPORT
           Defendants.        )
_____)


**A.     Nature of Case**

   **Plaintiff's Position**

   1.     This matter involves a claim of breach of contract and negligent infliction of emotional distress brought by the plaintiff against the defendant. The plaintiff is a licensed CPA in the States of Connecticut and Massachusetts, and seeks monetary damages in excess of $75,000.00, partially for services rendered and also as a result of a breach of an oral agreement between the plaintiff and defendant for compensation referred to as an "end of service fee." The defendant is a court reporting service located in Springfield, Massachusetts, having as its principal officer, Raymond

Catuogno. The relief sought is monetary damages. This case has no relationship to any other pending action.

2. Motions pending: The defendant has disclosed an expert in violation of the scheduling order and the plaintiff intends, if necessary, to file a motion in limine to preclude the expert from testifying or, in the alternative, the plaintiff seeks additional time to retain an expert and depose the defendant's expert. The plaintiff is requesting the Court's particular input in this matter and it is suggested that a status conference be scheduled to address this issue. Prior to the expenditure of any money by the plaintiff for an expert witness, the plaintiff is respectfully requesting that the Court indicate via a status conference (telephonically or otherwise) whether the defendant's expert should be allowed to testify given the late disclosure by the defendant of seven months. Under the current scheduling order, the defendant was to disclose any expert witness by October 15, 2003. This specific deadline pertaining to the timely disclosure of an expert witness was never extended by the defendant. The defendant failed to disclose an expert until May 19, 2004.

Contrary to the defendant's assertion that the plaintiff disclosed to the defendant in a "disorganized fashion" Rule 26 documents, it is the plaintiff's position that at the deposition of Robert Milne, the plaintiff, on the record, presented to the

defendant his *entire file* of relevant documentation in accordance with Rule 26 while the deposition was proceeding. Several of the items offered by the plaintiff were rejected by the defendant and, as of the date of the deposition (January 13, 2004), the defendant had not made any Rule 26 disclosure. There was no objection raised at the deposition by the defendant about the manner in which the plaintiff disclosed any documents to the defendant. In addition, the defendant did not provide a Rule 26 statement to the plaintiff until April 16, 2004, notwithstanding that counsel represented to plaintiff's counsel that he would complete his Rule 26 statement by March 1, 2004.

Lastly, plaintiff intends to file a motion to amend the complaint to conform his deposition testimony relating to the end of service fee to the specific allegations of the complaint. The amended complaint will offer no new theories of liability.

3. This matter will be tried to a jury.

**Defendant's Position**

This action was originally filed against three defendants and only remains against the defendant, Catuogno Court Reporting Services, Inc., as the complaint with respect to the remaining defendants was dismissed for lack of jurisdiction. The plaintiff claims that he was not paid for accounting services allegedly rendered and a contingent

fee on the sale of the defendant's business.  The remaining defendant, Catuogno Court Reporting Services, Inc. ("CCRSI") vigorously disputes the obligation to pay the plaintiff any monies.  Moreover, should the plaintiff prevail in this case, it is highly unlikely that an award will exceed $75,000.

There are no motions pending.  The following is a chronology of the discovery done to date:

| Date | Event |
|---|---|
| 4/12/02 | Complaint filed. |
| 4/23/02 | Complaint served on defendants. |
| 5/17/03 | Motion to dismiss served on plaintiff's attorney. |
| 7/18/02 | Judge Goettel's decision on defendants' motion to dismiss. |
| 12/17/03 | Initial notice of plaintiff's deposition served by mail 11/17/03 with requests for production of documents. |
| 1/13/04 | Re-notice of plaintiff's deposition served by mail with requests for production of documents. |
| 1/13/04 | Taking of plaintiff's deposition and production of documents by the plaintiff. |
| 1/31/04 | Initial discovery deadline established by joint planning meeting and approved by Court. |
| 3/29/04 | Receipt of notice of taking of deposition of Raymond Catuogno and requests for production of documents. |
| 3/31/04 | First enlargement of discovery deadline on motion of plaintiff's |

|         |                                                                                                    |
|---------|----------------------------------------------------------------------------------------------------|
|         | attorney and approved by the Court.                                                                |
| 4/16/04 | Deposition of Raymond Catuogno and production of documents.                                        |
| 4/16/04 | Service of Catuogno Court Reporting Services, Inc., pretrial disclosure per F.R.C.P. 26.           |
| 5/19/04 | Provision of defendant's counsel to plaintiff's attorney of report of defendant's expert witness with curriculum vitae and fee schedule. |
| 5/21/04 | Third enlargement of discovery deadline on motion by defendant's counsel and approved by the Court. |

The purpose for filing of the third motion to enlarge the time for discovery by plaintiff's counsel, as expressed by plaintiff's counsel, was a plan to take the deposition of additional witness, Christine Cyboron. Said deposition was never noticed or taken. The plaintiff has never made any disclosure pursuant to F.R.C.P. 26. The plaintiff did produce some documents in a disorganized fashion in response to a request for production of documents made by defendants' counsel pursuant to F.R.C.P. 34 and coincident with the taking of the deposition of the plaintiff. No interrogatories have ever been propounded by either party. In accordance with the third enlargement of discovery to May 21, 2004, sought by plaintiff's counsel and allowed by the Court, the defendant, on May 19, 2004, made complete disclosure of its expert witness, Kevin Hines, including a copy of Mr. Hines' report, his curriculum vitae and his fee schedule. The

plaintiff has never made designation of any expert witness and, for that matter, has never provided any sort of a list of prospective witnesses.

This matter will be tried to a jury.

**B.     Discovery**

**Plaintiff's Position**

1.     If the defendant is allowed to have his expert witness testify, the plaintiff seeks an additional ninety (90) days to disclose an expert and depose the defendant's expert, as well as one additional fact witness. To this extent, there will be a request for modification of the scheduling order. If the defendant's expert is precluded as being outside of the scheduling order, the plaintiff needs to complete one deposition and the case is trial ready. Plaintiff's counsel was informed by defense counsel that he would provide dates for the deposition of Christine Cyboron prior to the expiration of discovery, but no dates for possible depositions were ever provided.

**Defendant's Position**

It is defendant's position that all discovery in this matter is complete and the deadline for the performance of the same has passed.

    **C.**    **Settlement**

    **Plaintiff's Position**

    1.    There have been informal discussions between the parties, but there has never been a settlement conference. The parties believe that a settlement conference would be beneficial at this time.

    **Defendant's Position**

    On November 7, 2003, the defendant made a substantial formal offer of judgment pursuant to F.R.C.P. Rule 68. The offer was not accepted.

    **D.**    **Trial Preparation**

    **Plaintiff's Position**

    1.    The plaintiff is available to try the case during the time frame of December 13, 2004, through December 31, 2004. In that the plaintiff is a CPA, the next available time frame would be subsequent to April 15, 2005.

    2.    Depending upon whether the defendant is allowed to introduce expert testimony in violation of the scheduling order, the plaintiff will seek additional time to disclose an expert. The plaintiff needs to complete one other fact deposition.

3.    A joint trial memorandum has not been filed and the parties are in the process of completing same. The memorandum was to be filed on May 1, 2004.

**Defendant's Position**

During the period, October 4 through December 17, the defendant is again available to proceed with the trial of this case. The defendant will be available for trial from January 10 through March 11 and, thereafter, from March 28 indefinitely. In essence, the plaintiff seeks a protective order to prevent the case from being called for trial from January 1, to April 15, 2005. The defendant objects to a protective order to that effect, as it is excessive. Should the Court protect the case from being called to trial during that period per the plaintiff's request, the defendant will seek leave of this Court to file a counter-claim against the plaintiff for fraud, breach of contract and unjust enrichment.

                              THE PLAINTIFF,

Dated: 8/26/04                    By: _____
                                          Patrick Tomasiewicz ct01320
                                          Fazzano, Tomasiewicz and Paulding
                                          836 Farmington Ave. Suite 109
                                          West Hartford CT 06119
                                          Tel: 860-231-7766
                                          Fax: 860-231-7359

THE DEFENDANT,


By: _____
    L. Jeffrey Meehan, Esq.
    Doherty Wallace, Pillsbury and Murphy
    One Monarch Place
    1414 Main Street
    Springfield, MA  01144
    Tel: 413-733-3111
    Fax: 413-734-3910
    B.B.O. Number 341440

## CERTIFICATION OF SERVICE

      The undersigned counsel of record for the plaintiff hereby certifies that service of the foregoing document by U.S. mail, postage prepaid, has been made on the _____ day of _____, 2004, to:

L. Jeffrey Meehan, Esq.
Doherty, Wallace, Pillsbury and Murphy, P.C.
One Monarch Place
1414 Main Street
Springfield, MA  01144

Linda Clifford Hadley, Esq.
Krasow, Garlick & Hadley, LLC
One State Street
Hartford, CT  06103

Kenneth M. Rozich, Esq.
Law Firm of Edward D. Jacobs
PO Box 1952
New Haven, CT  06509

                                                                         _____
                                                                         Patrick Tomasiewicz