UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CIVIL ACTION NO: 302CV660 CFD

_____
                                    )
**ROBERT J. MILNE,**                )
              **Plaintiff,**       )
                                    )
**vs.**                             )
                                    )
**CATUOGNO COURT REPORTING**        )
**SERVICES, INC., STEN-TEL, INC.,** )
**AND RAYMOND F. CATUOGNO,**        )
              **Defendants.**      )
_____ )


**AMENDED COMPLAINT**

**JURISDICTION**

1.     This is an action for money damages arising from certified public accounting services provided by the Plaintiff to the Defendants that remain unpaid.

1

2.  This is an action for money damages arising from personal injuries suffered by the Plaintiff, ROBERT J. MILNE, which were caused by the tortious acts of the Defendant, RAYMOND F. CATUOGNO.

3.  Plaintiff is a citizen of the Town of West Hartford and State of Connecticut. The Defendant, CATUOGNO COURT REPORTING SERVICES, INC. ("CCRSI"), is a corporation organized under the laws of the Commonwealth of Massachusetts, having its principal place of business located at 1414 Main Street, Springfield, Massachusetts. The Defendant, CCRSI, also does business in Hartford, Connecticut. The Defendant, STEN-TEL, INC. ("STI"), is a corporation organized under the laws of the Commonwealth of Massachusetts, having its principal place of business located at 1414 Main Street, Springfield, Massachusetts. Jurisdiction of this Court is based on diversity of citizenship of the parties, 28 U. S. C. §1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## VENUE

4. Venue in this District is based on 28 U.S.C. §1391(b) (3) as one of the Defendants, CCRSI, is subject to personal jurisdiction in Connecticut. In addition, a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

5. During all times relative to the Complaint, the Plaintiff, ROBERT J. MILNE, is a certified public accountant, residing in West Hartford, Connecticut.

6. During all times relative to this Complaint, the Defendant, RAYMOND F. CATUOGNO, is a resident of Ludlow, Massachusetts.

7. During all times relevant to this Complaint, the Defendant, CATUOGNO COURT REPORTING SERVICES, INC.('CCRSI'), is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its

       principal place of business located at One Monarch Place, 1414 Main Street in Springfield, Massachusetts.

8. During all times relevant to this Complaint, the Defendant STEN-TEL, INC. ("STI"), is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business located at One Monarch Place, 1414 Main Street, Springfield, Massachusetts.

## **FACTS**

9. During the time frame of 1986 – November, 2001, the Plaintiff provided accounting services to the Defendants, CCRSI and STI.

10. The Defendants, CCSRI and STI, are owned, managed and controlled by the Defendant, RAYMOND F. CATUOGNO.

11. The Defendant, CCRSI, provides court reporting services in the Commonwealth of Massachusetts and in the State of Connecticut.

12. The Defendant, CCRSI, holds itself out as doing business in the State of Connecticut.

13. Throughout years 1986-2001, the Plaintiff and Defendant, RAYMOND F. CATUOGNO, developed a relationship of trust and friendship.

14. The relationship of trust and friendship caused the Defendant, RAYMOND F. CATUOGNO, to request that the Plaintiff become co-trustee of the Raymond F. Catuogno Family Trust.

15. In addition, the Defendant requested that the Plaintiff become co-trustee of both the Sten-Tel Massachusetts Business Trust and the Catuogno Massachusetts Business Trust.

16. The Plaintiff also was nominated in a prospectus for Vice President of Finance for Sten-Tel, Inc., in 1995.

17. Throughout their relationship, the Defendant, RAYMOND F. CATOUGNO, discussed with the Plaintiff the possible sale of CCRSI.

18. During these discussions, the Plaintiff was serving as a co-trustee to various Catuogno entities.

19. During these discussions, the Defendant agreed to pay to the Plaintiff a bonus or end of service fee upon the termination of the Plaintiff's service including, but not limited to, termination due to the sale of CCRSI.

20. The Plaintiff relied upon the promise of the Defendant, RAYMOND F. CATUOGNO, to pay an end of service fee to the Plaintiff upon the termination of his service including, but not limited to, termination due to the sale of CCRSI.

21. In consideration of the promise to pay an end of service fee, the Plaintiff tailored his accounting practice to allow him to provide greater services to CCRSI, STI, and members of the Catuogno family.

22. The Plaintiff would not have tailored his practice but for the representation and promise of the Defendant to pay to the Plaintiff an end of service fee.

23. The payment of the bonus or end of service fee was to provide additional compensation to the Plaintiff for his years of service to CCRSI, STI and members of the Catuogno family. During those years, the Plaintiff had provided financial advice and tax planning strategies to the Defendants that allowed the Defendants to profit and grow.

24. The payment of the end of service fee was also to compensate the Plaintiff for tailoring his accounting services to the Defendants. During the operative time frame, the Plaintiff provided services to the Defendants on an on-call basis. The Plaintiff made numerous trips from his office in West Hartford, Connecticut, to the Springfield, Massachusetts, office of the Defendants.

25. During the fall of 2001, the Defendant, RAYMOND F. CATUOGNO, entered into discussions with Argo Systems, Inc., to sell CCRSI for the sum of Five Million ($5,000,000.00) Dollars.

26. In consideration of the sale, the Defendant, RAYMOND F. CATUOGNO, was to remain as President of Argo Systems, Inc., at an annual salary of One Hundred Twenty-Five Thousand ($125,000.00) Dollars per year.

27. During the time frame of the fall of 2001, the Plaintiff and Defendant began discussions relating to the payment of an end of service fee.

28. On November 16, 2001, the Defendant, RAYMOND F. CATUOGNO, agreed to pay to the Plaintiff, ROBERT J. MILNE, an end of service fee in the amount of Forty Thousand ($40,000.00) Dollars. The Forty Thousand ($40,000.00) Dollars was to be paid upon the sale of CCRSI.

29. In the fall of 2001, the Plaintiff was also owed the sum of Thirty-One Thousand Two Hundred Twenty-Three and Twenty-Five One-Hundredths ($31,223.25) Dollars for accounting services rendered to the Defendants, CCRSI and STI, during calendar year 2001. The Defendants promised to pay this sum no later than January 31, 2002.

30. In the beginning of 2002, the Defendants reneged on payment of the Plaintiff's bill in the amount of Thirty-One Thousand Two Hundred Twenty-Three and Twenty-Five One-Hundredths ($31,223.25) Dollars and refused to pay the end of service fee in the amount of Forty Thousand ($40,000.00) Dollars.

**FIRST COUNT:  ROBERT J. MILNE V. CATUOGNO COURT REPORTING SERVICES, INC., STEN-TEL, INC., AND RAYMOND F. CATUOGNO**

31. Paragraphs one through thirty of the Facts are incorporated herein as if more fully set forth.

32. As a result of the Defendants' non-payment for services rendered by the Plaintiff, the Plaintiff has suffered monetary damages.

**SECOND COUNT:  ROBERT J. MILNE V. CATUOGNO COURT REPORTING SERVICES, INC., STEN-TEL, INC., AND RAYMOND F. CATUOGNO**

33. Paragraphs one through thirty of the Facts are incorporated herein as if more fully set forth.

34. As a result of the Defendants' breach of promise, the Plaintiff has suffered monetary damages.

**THIRD COUNT: ROBERT J. MILNE VS. RAYMOND F. CATUOGNO (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)**

35. Paragraphs one through thirty of the Facts are incorporated herein as if more fully set forth.

36. The payment of the end of service fee would enable the Plaintiff to continue with his business after he no longer provided services to the Defendants.

37. At all times herein, the Defendant owed a duty of reasonable care towards the Plaintiff.

38. By promising to pay to the Plaintiff an end of service fee, the Defendant knew or should have known that his failure to do so would cause emotional upset to the Plaintiff.

39. The Defendant should have realized that his conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily harm.

40. In the month of November, 2001, the Defendant became verbally abusive to the Plaintiff and made several derogatory comments that were greatly upsetting to the Plaintiff.

41. By reneging on his promise to pay an end of service fee, and by verbally abusing the Plaintiff, the Defendant has caused the Plaintiff emotional distress for which the Plaintiff seeks additional monetary damages.

**FOURTH COUNT:  ROBERT J. MILNE V. RAYMOND F. CATUOGNO (FRAUD)**

42. Paragraphs one through thirty of the Facts are incorporated herein.

43. From 1996 to the present, the Defendant, RAYMOND F. CATUOGNO, falsely represented to the Plaintiff that he intended to pay to the Plaintiff an end of service fee upon the termination of his services including, but not limited to, termination due to the sale of CCRSI.

44. The Defendant knew that the statement that he made was untrue.

45. The Defendant falsely represented to the Plaintiff that he intended to pay to him an end of service fee as a means to induce the Plaintiff to continue with his services to the Defendant's entities.

46. The Plaintiff continued to provide services to the Defendants based upon the material misrepresentation made by the Defendant.

47. As a result of the Defendant's fraud, the Plaintiff suffered monetary damages.

### FIFTH COUNT:  ROBERT J. MILNE VS. RAYMOND F. CATUOGNO (NEGLIGENT MISREPRESENTATION)

48. Paragraphs one through thirty of the Facts are incorporated herein as if more fully set forth.

49. The Defendant owed a duty of care to the Plaintiff in communicating information that was not true.

50. The Defendant negligently misrepresented to the Plaintiff that he would be paid an end of service fee upon the termination of the Plaintiff's services including, but not limited to, termination due to the sale of CCRSI.

51. The Defendant knew or should have known that when he represented to the Plaintiff that he would receive an end of service fee that he was facing financial burdens that would make it extremely difficult to pay an end of service fee.

52. The Plaintiff relied upon the Defendant's representations to his detriment.

53.  As a result of the Defendant's negligent misrepresentations, the Plaintiff has suffered monetary damages.

## PRAYER FOR RELIEF

Wherefore, the Plaintiff, ROBERT J. MILNE, prays that judgement be entered against the Defendants in the amount of One Hundred Twenty-Five Thousand ($125,000.00) Dollars together with interest, costs of suit, punitive damages and for such other relief as the Court deems equitable and just.

THE PLAINTIFF,

Dated: 10/15/04                    By: _____
                                   Patrick Tomasiewicz  ct01320
                                   Fazzano, Tomasiewicz and Paulding
                                   836 Farmington Ave. Suite 109
                                   West Hartford CT 06119
                                   Tel: 860-231-7766
                                   Fax: 860-231-7359

**CERTIFICATION OF SERVICE**

      The undersigned counsel of record for the plaintiff hereby certifies that service of the foregoing document by U.S. mail, postage prepaid, has been made on the 15th day of October, 2004, to:

L. Jeffrey Meehan, Esq.
Doherty, Wallace, Pillsbury and Murphy, P.C.
One Monarch Place
1414 Main Street
Springfield, MA  01144

Linda Clifford Hadley, Esq.
Krasow, Garlick & Hadley, LLC
One State Street
Hartford, CT  06103

Kenneth M. Rozich, Esq.
Law Firm of Edward D. Jacobs
PO Box 1952
New Haven, CT  06509

                                                                                _____
                                                                                Patrick Tomasiewicz