**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| _____ ) | |
| ROBERT J. MILNE, ) | CIVIL ACTION NO: 302CV660 CFD |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CATUOGNO COURT REPORTING ) | |
| SERVICES, INC., STEN-TEL, INC., ) | |
| AND RAYMOND F. CATUOGNO, ) | MARCH 4, 2005 |
| Defendants. ) | |
| _____ ) | |

**PLAINTIFF'S REQUEST TO CHARGE**
**AND PROPOSED VERDICT FORM**

I.   **CONTRACTS**

When the plaintiff states that his services as a certified public accountant were furnished at the request of the defendant, he is claiming, in effect, a contract. Now a contract is an agreement by which a person undertakes to do or not do a particular thing, and a bilateral contract is a contract made involving promises on both sides. Bilateral contract is a transaction in which each party is in obligation to the other and requires a right to what is promised by the other. In the normal case, of course, two people make a promise to each other and each one has the right to have the other keep that promise. In other words, the contract requires assent or agreement between the parties. All true contracts grow out of the negotiations and intention of the parties to the transaction, and are directed by their mutual and accordant wills.

A contract may be expressed in words or may be inferred or implied by circumstances.

Your first consideration is was there any express oral contract between Mr. Milne and Robert Catuogno, who is acting in his capacity as president of Catuogno Court Reporting Services, Inc. You have heard the evidence on that issue.

You have heard evidence before you and it is for you to decide if the plaintiff and defendant entered into a verbal agreement wherein the defendant agreed to pay the plaintiff an end of service fee in the amount of $40,000.

If the plaintiff has proven to you that he entered into an agreement with Mr. Catuogno and that the defendant assented to the payment of $40,000, then the plaintiff is entitled to recover. In connection with considering whether or not there was an agreement between the parties, you will consider all of the evidence bearing in mind the testimony of the parties and considering the documents admitted into evidence.

Secondly, there is the matter of the plaintiff's bill for services rendered. The plaintiff claims that he is owed $30,012.00 for services rendered during the time frame of February 1, 2001, through December 31, 2001. If the plaintiff has proven to you that he rendered services in the expectation that he would be paid for them, and the defendant accepted the service knowing of that expectation, or under circumstances that a reasonable person in the same situation should have known of it, the plaintiff is entitled to recover.

The essential fairness of that rule should be plain to you: That is, that if services are rendered with the expectation that you pay for them, you certainly will expect to pay for them if rendered.

When a person is requested to render services in the usual course of his business, the circumstances give rise to an inference that he expects to receive compensation for them, and that person to whom the services were rendered expects to make such compensation. The law gives such force to this inference that the person who renders the services, to establish his right to compensation, ordinarily need go no farther than to prove that the services were requested and rendered in the course of his exercise of his usual business or profession. It is only when the evidence offered fairly

raises the question in your minds as to whether the claimant is entitled to compensation that you need go farther in consideration of the case. Unless such a question has arisen, on the inference alone, you will be justified in finding a verdict in favor of the plaintiff.

*Wright and Ankerman, Connecticut Jury Instructions, Fourth Edition, Secs. 150, 153, 154, pp. 292 - 303 (1993)*

## II.    FAIR PREPONDERANCE OF EVIDENCE

The plaintiff must prove the material facts of his case by a fair preponderance of evidence. A fair preponderance of evidence means this: He must prove them by the better and the weightier evidence. You will take all the evidence that is offered here, and consider the various circumstances which are involved; you will weigh them and balance them, and then if you find that the evidence fairly preponderates in favor of the plaintiff, he will have proved the particular issue you have before you. If, on the other hand, it does not fairly preponderate in his favor, if the better and the weightier evidence does not seem to you to establish his position, then he has failed in his duty to prove to you the facts upon which he relies; and in case it happens that the evidence is evenly balanced so that you cannot say it inclines this way or that way, then upon the issue in question your decision must be against the plaintiff, because it is for him to prove it, and not for the defendant to disprove it.

*Wright and Ankerman, Connecticut Jury Instructions, Fourth Edition Sec. 311, pg. 509-510 (1993)*

## II.    CREDIBILITY OF WITNESSES

The credibility of witnesses and the weight to be given to their testimony are matters for you as jurors to determine. However, there are some principles that you should keep in mind. No fact is, of course, to be determined merely by the number of witnesses who testify for or against it; it is the quality and not the quantity of testimony that controls. In weighing the testimony of each witness you should consider the

witness' appearance on the stand and whether the witness has an interest of whatever sort in the outcome of the trial. You should consider a witness' opportunity and ability to observe facts correctly and to remember them truly and accurately, and you should test the evidence each witness gives you by your own knowledge of human nature and the motives that influence and control human actions. You may consider the reasonableness of what the witness says and the consistency or inconsistency of his or her testimony. You may consider his or her testimony in relation to facts that you find to have been otherwise proven. You may believe all of what a witness tells you, some of what a witness tells you, or none of what a particular witness tells you. You need not believe any particular number of witnesses and you may reject uncontradicted testimony if you find it reasonable to do so. In short, you are to apply the same considerations and use the same sound judgment and common sense that you use for questions of truth and veracity in your daily life.

*State of Connecticut Civil Jury Instructions, Sec. 1-39.*

### III.   INTEREST

In addition to damages, you may award interest. This is intended to compensate the plaintiff for the loss of use of money that was not paid when it was due. To award interest, you must find that the plaintiff is entitled to an award of damages in the first place, and you must find under all of the circumstances that the defendant wrongfully detained money due to the plaintiff. There is no hard and fast rule for what constitutes wrongful detention. The question is whether justice requires that the plaintiff be paid interest for the loss of use of money.

If you decide to award interest, then you must compute the amount. Your verdict form will help you to do this. You must first determine the time period that the money was wrongfully detained. In this case, it is claimed that the wrongful detention began January 1, 2002, and the end date would be _____ [date of the verdict]. You need to determine that total number of days. Under our statutes you must divide that number of days by 360 days. You should then multiply that by ten (10%) percent, which is our annual interest rate. You should then multiply that percentage by the total amount of damages to come up with the amount of interest. **Blakeslee Arpaia Chapman, Inc. v.**

**EI Constructors, Inc.,** 239 Conn. 708, 734-38 (1997) (holding that wrongful detention is determined "in view of the demands of justice rather than through application of an arbitrary rule"); **West Haven Sound Development Corp. v. West Haven**, 207 Conn. 308, 321 (1988); **Scribner v. O' Brien, Inc**, 169 Conn. 389, 405-06 (1975); **Southern New England Contracting Co. v. State**, 165 Conn. 644, 664-65 (1974); **Bertozzi v. McCarthy**, 164 Conn. 463, 467 (1973); **Rapin v. Nettleton**, 50 Conn. App. 640, 651 (1998); **Sperry v. Moler**, 3 Conn. App. 692, 695-96 (1985) *See* Conn. Gen. Stat. §§ 37-3a and 37-1.

*State of Connecticut Civil Jury Instructions, Sec. 3-91.*

### IV.   NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

In Connecticut, in order to recover for emotional distress, the plaintiff injured by the defendant's negligent conduct must show the following elements: 1) The defendant engaged in negligent conduct which violated a duty of care toward the plaintiff; and, 2) the defendant should have realized that his conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily harm. Recovery from negligent infliction of emotional distress does not depend on proof of either an ensuing physical injury or risk of harm from physical impact. You may award fair, just and reasonable damages should you find that the plaintiff suffered emotional distress caused by the negligent conduct of the defendant.

*Connecticut Actions and Remedies, Tort Law, Daniel C. Pope, Issue 2, Secs. 34:02 – 34:07, pp. 34-1 – 34-9 (1996)*

### V.   FRAUD

a.   Now, what we really have then is an action based on an alleged fraudulent representation, or deceit. This is an action for fraud, and the plaintiff is seeking to recover damages for fraudulent representations which he claims the

defendant made to him.

     b.    The cause of action is based, First, upon your finding that there was in fact a representation made, as alleged in the plaintiff's complaint.

     c.    Second, you must find that this representation was of fact, as distinguished from merely opinion; a fact with respect to the present situation-- not something with respect to some conduct that might follow in the future.

     d.    Third, you must find that such representation was untrue, and either known by the defendant, to be untrue or made without belief in its truth, or in reckless disregard as to whether it was true or false.

     e.    Fourth, the representation must have been made for the purpose of inducing the plaintiff to act upon it.

     f.    And, Fifth, the plaintiff must have been in fact induced to enter upon the conduct that he did enter upon because of the representation which was made to him.

     g.    In other words, I can state it to you in this manner: as far as the elements are concerned, first of all, there must be a false representation, which must have been with respect to a material matter. Now, the law is simply this with respect to certain statements that may be construed to be fraudulent: an untrue statement is fraudulently made where one who has the best means of knowledge makes the untrue statement to secure a benefit to himself, even though the falsity of said statement is not actually known to him.

     h.    In matters susceptible of actual knowledge, if the party, who has and is known to have the best means of knowledge, makes an affirmation contrary to the true, in order to secure some benefit to himself, the law considers that he is guilty of a fraud, because he asserts that he knows what he does not know.

     i.    A fraudulent representation in law is one that is knowingly untrue, or made without belief in its truth, or recklessly made for the purpose of inducing action upon it. See **Smith v. Frank,** 165 Conn. 200, 202 (1973).

6

   j. Now, the word "recklessly" is not a hard word for you to understand. It means a disregard of consequences, and an indifference as to whether or not damage may result. It does not mean that damage must actually result, but it is an indifference as to whether damage may result. It is something more than the word "negligence," which is the doing or failure to do an act which a reasonably prudent person would do or fail to do under the same or similar circumstances.

   k. A reckless act, as distinguished from a merely negligent act, is a disregard of consequences, an indifference to consequences. It means to be destitute of heed or concern for consequences; acting foolishly; to be heedless of danger; to act in a headlong, rash manner, without caring or noting; and an indifference to the rights of others.

   l. Then, you must find that the defendants made the statement for the purpose of inducing the plaintiff to act upon it. Now, there is no exact way of your peering into a man's mind to find out what the motive was. But, it is up to you as members of the jury, to evaluate and analyze the evidence to ascertain the intent of Raymond Catuogno.

   n. You can find, in other words, a motive, if you find that the statement was made without reasonable grounds, or that it was made recklessly. Deception accompanied by false statements is not excused by a groundless belief in their truth on the part of the man who makes them, and amounts to a legal fraud if they are uttered to induce action on the part of another, from which loss naturally results. As I stated previously, in matters susceptible of actual knowledge, if the party who has and is known to have the best means of knowledge, makes an affirmation contrary to the truth, in order to secure some benefit to himself, the law treats him as stating that he knows that whereof he affirms, and so is guilty of a fraud, although he spoke in ignorance of the facts; because he asserts that he knows what he does not know.

   o. In an action for fraud or deceit, if you find that legal fraud is proved, the motive of the person uttering the false statement is immaterial. It matters not that there was no intention to cheat or injure the person to whom the false representation

was made. A party may make a false statement with the best of motives and still be liable.

     p.    Lastly, if you find that the plaintiff has sustained his burden of proof with respect to all of these elements, you will then--and only then--come to the question of damages.

     q.    Now, the damages to which the plaintiff is entitled is the amount necessary to place him in the position he would have been in had the false statements not been made. He is entitled to recover those items of expense which were caused, proximately caused, by the representations which were made by the defendant. In other words, there must be a connection between the statements that were fraudulently made and the damage that was suffered.

     r.    If you find that any of these amounts are not proximately connected, that is, that they are not caused by the false representation, you will disregard such amounts.

     s.    And, the plaintiff on all of these items of damage has the burden of proof, just as he has in establishing his cause of action. He must prove them by clear, precise and unequivocal evidence, as I have outlined them to you.

     t.    If you find that the plaintiff has sustained his burden of proof with respect to both the cause of action that I have outlined to you based on fraudulent representation, and with respect to damages, your verdict then will be for a certain amount of dollars, as you may find for the plaintiff,

     u.    If you find, on the other hand, that the plaintiff has not sustained his burden of proof with respect to his cause of action, as I have outlined it to you, your verdict then should be of course for the defendant.

*Wright and Ankerman, Connecticut Jury Instructions, Fourth Edition Sec. 343, pg. 550-554 (1993)*

## VI. NEGLIGENT MISREPRESENTATION

The plaintiff, Robert Milne, claims that the defendant, Raymond Catuogno, made a negligent representation that the defendant, Catuogno Court Reporting Services, Inc., would pay to the plaintiff an end of service fee in the amount of $40,000. To prove this claim for negligent misrepresentation, the plaintiff must first prove that the defendant supplied false information. Second, the plaintiff must prove that the defendant failed to exercise reasonable care in obtaining or communicating the information. Third, the plaintiff must prove that the defendant supplied the information to induce the plaintiff to act on it. Fourth, the plaintiff must prove that the plaintiff justifiably relied on the information to his injury. **Daley v. Aetna Life & Casualty Co.,** 249 Conn. 766, 791-94 (1999); **D'Ulisse-Cupo v. Board of Directors of Notre Dame High School,** 202 Conn. 206, 217-219 (1987), citing 3 Restatement (Second) Torts §552 (1979).

*State of Connecticut Civil Jury Instructions, Sec. 7-18.*

## VII. PUNITIVE DAMAGES

a. In addition to the damages of which I have been speaking and which are designed to compensate the plaintiff for his injury and losses, the plaintiff claims additional damages which we call exemplary or punitive damages. In order to recover them, the plaintiff must prove more than an invasion of his rights; he must prove that the wrong done him arose from hatred or ill will towards him, or from malice, that is, from some improper or unjustifiable motive or intent; or that the defendant acted wantonly, that is, was aware or should have been aware, from his knowledge of the circumstances, that his conduct would naturally or probably harm the plaintiff.

b. If the plaintiff has proven to you that the conduct of the defendant had any one of these characteristics, then he is entitled to have you add to the damages given in compensation for his losses and injury an additional sum as exemplary damages. The measure of these damages is the reasonable expense which he has incurred, including counsel fees, in prosecuting this action, less the taxable costs,

which if he recovers, will be included in the judgment, and which, I instruct you, will amount to $_____ **Chykirda v. Yanush,** 131 Conn. 565, 568 (1945).

*Wright and Ankerman, Connecticut Jury Instructions, Fourth Edition Sec. 256, pg. 481-482 (1993)*

## PLAINTIFF'S PROPOSED VERDICT FORM

1. Has the plaintiff proven by a preponderance of the evidence that there existed an express or implied agreement between he and the defendant for the provision of professional accounting services, and the payment therefore?

    Yes _____    No _____

2. Did the plaintiff perform professional accounting services for the defendant which were requested by the defendant?

    Yes _____    No _____

3. Is the plaintiff entitled to damages in the amount of $30,012 for payment of his bill?

    Yes _____    No _____

4. If your response to the previous question is "no", what sum of money is the plaintiff entitled to for his accounting services? _____

5. Did CCRS through its principal, Raymond Catuogno, agree to pay the plaintiff a "look back fee" or end of service fee?

    Yes _____        No _____

6. What amount of compensation do you find CCRS obligated to pay the plaintiff pursuant to the alleged agreement to pay a "look back fee" or "end of service fee"?

    $_____

7. Is the plaintiff entitled to an award of fair, just and reasonable compensation for any emotional distress that he suffered, caused by the actions of Raymond Catuogno?

    Yes _____        No _____

8. If the answer to question #7 is "yes," what sum of money is the plaintiff entitled to for emotional distress?

    $_____

9. Do you find that Raymond Catuogno committed fraud upon the plaintiff?

    Yes _____        No _____

10. If your answer to question #8 is "yes," is the plaintiff entitled to punitive damages?

    Yes _____        No _____

11. If your answer to the previous question is "yes," what sum of money should the plaintiff receive for punitive damages?

    $_____

12. Do you find that the defendant, Raymond Catuogno, made negligent representations to the plaintiff with respect to the payment of an end of service fee?

    Yes _____        No _____

13. Is the plaintiff entitled to an award of interest on the payment of his bill and the end of service fee?

    Yes _____        No _____

                                THE PLAINTIFF,


                                By: _____
                                    Patrick Tomasiewicz  ct01320
                                    Fazzano, Tomasiewicz, Paulding & Barall
                                    836 Farmington Ave. Suite 109
                                    West Hartford CT 06119
                                    Tel: 860-231-7766
                                    Fax: 860-231-7359