UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
                                                    )
ROBERT J. MILNE,                       ) CIVIL ACTION NO: 302CV660 CFD
              Plaintiff,                     )
                                                    )
vs.                                               )
                                                    )
CATUOGNO COURT REPORTING  )
SERVICES, INC., STEN-TEL, INC.,     )
AND RAYMOND F. CATUOGNO,   ) MARCH 4, 2005
              Defendants.                  )
_____ )

**DEFENDANT'S REQUEST TO CHARGE
AND PROPOSED VERDICT FORM**

**STATEMENT TO JURY PANEL**

  The defendant proposes that the jury be advised that this is a dispute regarding an alleged obligation on the part of a business, CCRS, to pay invoices submitted by a certified public accountant and to pay a "look back fee" or "end of service fee" to an accountant in the event of a sale of the business.

**DEFENDANT'S REQUESTS FOR JURY INSTRUCTIONS**

1.  A contract is a promise or set of promises for the breach of which the law gives a remedy or the performance of which the law in some way recognizes a duty. To be binding, a contract must include a manifestation of mutual assent to the

        terms and conditions of the contract. This is referred to as the "meeting of the minds". There must be a "meeting of the minds"; there can be no contact if only one party intends to be bound.

2. Because intent, including an intent to be bound, is seldom susceptible to direct proof because it relates to a person's state of mind, the law presumes that a person intends natural and probable consequences of that person's acts. The meeting of the minds or mutual manifestation of intent may be wholly or partly by written or spoken words or by acts or conduct, and an internal or unexpressed intention not be bound is ineffective.

3. In determining whether or not there was any contact, you must decide whether or not there was a "meeting of the minds" between the parties with respect to the terms of the alleged oral agreement and a present intention to be bound. <u>Federal Jury Practice and Instructions</u>, Kevin O'Malley, J.E. Grenig, and Honorable William C. Lee, Section 126.01.

4. The plaintiff claims that he entered into a contract with the defendant. A contract is an agreement enforceable at law. Contracts may be expressed or implied. If the agreement is shown by the direct words of the parties, spoken or written, the contract is an expressed one. If such agreement can only be shown by the acts and conduct of the parties, interpreted in the light of the subject matter surrounding circumstances, then the contract is an implied one.

5. "The general rule is that in an action of contract the damages must be the direct, natural result of the breach, and to have been in the contemplation of the parties when the contract was made as the probable result of such breach." <u>Weeks v. Calnan</u>, 39 Mass. App. Ct. 933, 934 (1995).

6. If one party to a contract commits a substantial breach of the agreement, the remaining party is excused from any further obligation under the contract. <u>Nedder v. Knapp Shoes, Inc</u>., 32 Mass. App. Ct. 462, 467 (1992).

7. "A material [or substantial] breach of an agreement occurs when there is a breach of 'an essential and inducing feature of the contract'". <u>Lease-It, Inc. v.</u>

      Massachusetts Port Authority, 33 Mass App. Ct. 395, 396 (1992) quoting Bucholz v Green Bros., 272 Mass. 49, 52 (1930).

8. "The law …..precludes recovery by one who willfully commits a breach of a contract regardless of whether the breach goes to the essence of the contract". Service Publications, Inc. v. Goverman, 396 Mass. 567, 573 (1986).

### ***CONNECTICUT STATE BOARD OF ACCOUNTANCY REGULATIONS***

9. "Acceptance of licensure to engage in the practice of public accountancy, or to use titles which imply a particular competence so to engage, involves acceptance by the licensee of such obligations, and accordingly of a duty to abide by the rules of conduct". Rules of Professional Conduct Sec. 20-280-15a (July, 1995).

10. "Contingent fees. A licensee shall not offer or perform professional services for a fee which is contingent upon the findings or results of such services; provided however that this rule does not apply to professional services involving federal, state, or other taxes in which the findings are those of the tax authorities and not those of the licensee, nor does it apply to professional services for which the fees are to be fixed by courts or other public authorities and which are therefore indeterminate in amount at the time the professional services are undertaken". Rules of Professional Conduct Sec. 20-280-15c (July, 1995).

11. "Records. A licensee shall furnish to his client or former client, upon request made within a reasonable time after original issuance of the document in question. Connecticut State Board of Accountancy Regulations, Rules of Professional Conduct Sec. 20-280-15c (July, 1995).

### ***THE MASSACHUSETTS BOARD OF REGISTRATION IN PUBLIC ACCOUNTANCY***

12. "(2)    Contingent Fees

    (a) 'Contingent Fee' means a fee established for the performance of any public accounting service for which no fee will be charged unless a specified finding or result is attained, or for which the amount of the fee is otherwise dependent upon the finding or result of the service. A licensee shall not enter into an oral agreement that provides for a contingent fee for public accounting services". Rules and Regulations 3:00 Code of Ethics and Rules of Professional Conduct 3.03: Responsibilities to Clients.

12. "(3) Records  In accordance with M.G.L.c. 112, §87E, a certified public accountant shall furnish to the licensee's client or former client, upon request made within a reasonable time after original issuance of the document in question, if not previously furnished:

    (a)    A copy of a tax return of the client;

    (b)    A copy of any report or other document issued by the certified public accountant or public accountant to or for such client;

    (c)    Any accounting or other records belonging to, or obtained from or on behalf of, the client which the certified pubic accountant removed from the client's premises or received for the client's account, but the certified public accountant may make and retain copies of such documents of the client when they form the basis for work done by the licensee; and

    (d)    A copy of the certified public accountant's working papers, to the extent that such working papers include records that would ordinarily constitute pat of the client's books and records and are not otherwise available to the client.

    Rules and Regulations 3:00 Code of Ethics and Rules of Professional Conduct 3.03: Responsibilities to Clients.

## DEFENDANT'S PROPOSED VERDICT FORM

1. Has the plaintiff proven by a preponderance of the evidence that there existed an express or implied agreement between he and the defendant for the provision of professional accounting services, and the payment therefore?

    Yes _____      No _____

2. Did the plaintiff perform professional accounting services for the defendant which were requested by the defendant?

    Yes _____      No _____

3. Did the plaintiff perform accounting services or bookkeeping services which the defendant did not request or otherwise solicit?

    Yes _____      No _____

4. Did the plaintiff bill the defendant excessively for the rendering of accounting services which were not actually performed?

    Yes _____      No _____

5. If your response to the previous question is 'yes", what number of hours did the plaintiff bill the defendant for accounting services? _____; What number of hours did the plaintiff actually work to provide accounting services? _____; and What number of hours constituted an over billing for professional services _____?

6.       Prior to the initial proposed sale of CCRS and Sten-Tel in October of 2000, did CCRS through its principal agree to pay the plaintiff a "look back fee", contingent fee or end of service fee?

              Yes _____      No _____

7.       If your response to question number 2 is yes, please state that amount of compensation which the plaintiff was entitled for accounting services actually performed for the benefit of the defendant.

              $_____

8.       Did the plaintiff refuse to provide CCRS with financial data just prior to the planned sale of CCRS and Sten-Tel in October of 2000 unless the plaintiff received a "look back fee", contingent fee or "end of service fee"?

              Yes _____      No _____

9.       Did the plaintiff withhold financial documentation and information from the defendant prior to the proposed sale of CCRS, and its companion company Sten-Tel, in October of 2001?

              Yes _____      No _____

10.     Prior to November 16, 2001, did CCRS agree to pay the plaintiff a "look back fee", contingent fee or "end of service fee" in the event of the sale of CCRS and Sten-Tel?

              Yes _____      No _____

11. Did the plaintiff withhold financial information and financial documents necessary to effectuate the sale of CCRS and Sten-Tel on or about November 16, 2001, unless CCRS and/or Sten-Tel paid the plaintiff a "look back fee" contingent fee or end of service fee?

    Yes _____        No _____

12. Is CCRS obligated to pay the plaintiff Robert Milne a "look back fee", contingent fee or "end of service fee" pursuant to an alleged agreement prior to each of the two proposed sales of the business?

    Yes _____        No _____

13. Was an obligation to pay a "look back fee", contingent fee or "end of service fee" triggered by a sale of CCRS?

    Yes _____        No _____

14. What amount of compensation do you find CCRS obligated to pay the plaintiff pursuant to the alleged agreement to pay a "look back fee", "contingent fee" or "end of service fee"?

    $_____

    THE DEFENDANT,


    By:_____
        L. Jeffrey Meehan, Esq.
        Doherty, Wallace, Pillsbury and Murphy
        One Monarch Place
        Springfield, MA  01144
        Tel: 413-733-3111
        Fax: 413-734-3910
        B.B.O. Number 341440

Case 3:02-cv-00660-CFD   Document 46-4   Filed 03/07/2005   Page 8 of 8