UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT J. MILNE,<br>　　　　　　　Plaintiff, | ) CIVIL ACTION NO: 302CV660 CFD |
| vs. | ) |
| CATUOGNO COURT REPORTING<br>SERVICES, INC., STEN-TEL, INC.,<br>AND RAYMOND F. CATUOGNO,<br>　　　　　　　Defendants. | ) MARCH 4, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION IN LIMINE TO PRECLUDE TESTIMONY OF EXPERT WITNESS**

**Facts**

This is an action brought by the Plaintiff, a certified public accountant, seeking payment of an end of service fee in the amount of $40,000 when his professional relationship with the defendant, Catuogno Court Reporting Services, Inc. (hereinafter "CCRS") was terminated. Additionally, the Plaintiff claims that he is also owed the sum of $30,012 for accounting and consulting services rendered to CCRS during 2001. The Plaintiff claims money damages as a result of the Defendant's non-payment for services rendered, breach of promise, negligent infliction of emotional distress, fraud, and negligent misrepresentation.

The Defendant denies that it promised to pay the Plaintiff an end of service fee. The Defendant denies and disputes the Plaintiff's claim for the sum of $ 30,012 for accounting services. The Defendant contends that the Plaintiff wrongfully withheld financial information from the Defendant and interfered with the Defendant's efforts to sell its business. The Defendant further denies the Plaintiff's claim of fraud, emotional distress and negligent misrepresentation and has pled various special defenses.

In accordance with Fed. R. Civ. P. 26(f), the parties filed their Report of Parties Planning Meeting on January 28, 2003, wherein it was agreed, and endorsed by the court, that the defendant would disclose expert witnesses by October 15, 2003. On January 27, 2004, the plaintiff requested an enlargement of time until March 31, 2004, to complete discovery by way of depositions. Additionally, at that time, the plaintiff alleged that he had not yet received defendant's Rule 26(a) initial disclosure. The plaintiff's request for an enlargement of time was granted by the Court on January 29, 2004. No request was made by the defendant to extend the time frame in which to disclose an expert witness.

On March 26, 2004, the plaintiff requested additional time to complete discovery until April 30, 2004, citing the need to take the defendant's deposition and the necessity of receiving defendant's initial disclosure pursuant to Fed. R. Civ. P. 26,

which had not been provided before the taking of said deposition. The plaintiff's request for an enlargement of time was granted by the Court on March 31, 2004. On this second occasion, no request was made by the defendant to enlarge the time frame in which to disclose an expert witness.

On April 29, 2004, the plaintiff requested a final enlargement of time until May 21, 2004, to complete discovery, citing the need for additional information from the defendant subsequent to the review of documents provided at his deposition, and citing the need to take the deposition of the defendant's office manager, Christine Cyboron. The plaintiff's request was granted by the Court on May 5, 2004. Once again, no motion was proffered by the defendant to disclose an expert witness.

Nearly seven months after the disclosure date for expert witnesses had expired, on May 19, 2004, the defendant disclosed Kevin E. Hines, C.P.A., as an expert witness. The plaintiff's Motion in Limine seeks to preclude the testimony of this witness, or to allow additional time for the plaintiff to disclose an expert and take the deposition of the defendant's expert.

**Argument**

Fed. R. Civ. P. 26(a)(2)(C) states that disclosures of expert testimony "shall be made at the times and in the sequence directed by the court." The original scheduling of expert testimony agreed upon in the Report of the Parties' Planning Meeting filed January 28, 2003, provided, inter alia, that:

> The Defendant intends to call expert witnesses at trial. The Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by 10/15/03. Depositions of any such experts will be completed by 2/15/04.

On February 6, 2003, the court filed an endorsement granting the Report of the Parties' Planning Meeting and making the deadlines outlined therein orders of the court.

L. Civ. R. 11(b) requires that:

> The schedule established by the Court for completing discovery, filing dispositive motions and filing a joint trial memorandum shall not be modified except by further order of the Court on a showing of good cause. The good cause standard requires a *particularized* showing that the schedule cannot reasonably be met, despite the diligence of the party seeking the modification, for reasons that were not *reasonably foreseeable* when the parties submitted their proposed case management plan. (Emphasis added.)

At no time did the defendant request a modification of the scheduling order to extend time to disclose an expert witness, nor make a *particularized* showing that the

4

time limitation relative to disclosure of expert testimony could not reasonably be met. All of the plaintiff's requests for extension as enumerated above cited specific issues to be addressed in the discovery process necessitating an enlargement of time and providing a particularized showing that the discovery deadline could not reasonably be met under the circumstances then and there existing.   The enlargements of time granted by the Court relative to discovery did not address defendant's deadline to provide opposing counsel with reports from retained experts, nor revise any date by which such expert witness deposition must be completed.

Plaintiff's position is supported by *Akeva, L.L.C. v. Mizuno Corporation*, 212 F.R.D. 306 (M.D.N.C. 2002).  In this case, the Rule 26(f) Report and Order specifically provided times for expert disclosure pursuant to Fed.R.Civ.P. 26(a)(2).  The parties chose a bifurcated schedule wherein the party bearing the burden of proof on an issue must first disclose the expert and the expert's report on or before September 3, 2002. In the second tier, any party offering expert testimony in rebuttal had to disclose the expert and the report on or before October 3, 2002. *Id*. at 308.  Plaintiff had disclosed an original expert within the time limits of the schedule.  On November 1, 2002, the plaintiff disclosed a new expert and on November 18, 2002, notified the defendant of its intent to "supplement" the original expert's report with additional test results. *Id.* at

308. On defendants' motion to exclude untimely expert reports, the Court held that, "…when there is a discovery plan covering expert disclosures, the plan controls and not the explicit provisions of Rule 26(a)(2)(C). Consequently, the Court finds that Dr. Fields' untimely opinion was not permissible under the discovery plan and violated the Court's order." *Id.* at 310. This ruling supports the case at bar, as a specific plan for disclosure of expert witnesses was in place, and the fact that the plaintiff sought extensions of time to complete discovery based upon particularized issues addressed in the extension, does not support the defendant utilizing the extension with regard to his disclosure of expert.

As additional authority supporting plaintiff's position, plaintiff cites *Wolak v. Spucci*, 217 F.3d 157 (2nd Cir. 2000). In this case, the plaintiff disclosed a psychiatric expert witness almost a year after the court imposed deadline for disclosure of expert witnesses. The district court granted defendants' motion to preclude and the appellate court upheld same.

It is unreasonable to conclude that the enlargements of time requested by the Plaintiff would include the disclosure of expert witnesses as the specifics of scheduling involved with such disclosure necessitate a date for disclosure *and a subsequent date to depose said witness*. If it is given that the defendant was within his right to disclose his

expert witness within the enlargements of time requested by the plaintiff, his disclosure was made two days prior to the expiration of the discovery time limitations, precluding the plaintiff from his right to depose said expert within the allowed time and causing the plaintiff surprise and prejudice, especially in light of plaintiff's representation to the court that his motion for enlargement of time dated April 29, 2004, was his final request for same.[1]

**Conclusion**

Fed. R. Civ. P. 16(f) states that, "If a party or party's attorney fails to obey a scheduling or pretrial order…the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D)"  The plaintiff hereby moves this court for an order precluding the testimony of the defendant's expert witness or, in the alternative, allowing the plaintiff additional time to disclose an expert and take the deposition of defendant's expert witness.  The plaintiff also requests an order necessary to ameliorate the financial burden that will be incurred by the plaintiff should the court allow the defendant's expert to testify.

---

[1] The defendant never discussed with the plaintiff, between the dates of January 23, 2003, the date of the parties' planning meeting, and the date of disclosure on May 19, 2004, any request for an extension of time to disclose an expert witness.

                                      THE PLAINTIFF,


By: _____
    Patrick Tomasiewicz  ct01320
    Fazzano, Tomasiewicz, Paulding & Barall
    836 Farmington Ave. Suite 109
    West Hartford CT 06119
    Tel: 860-231-7766
    Fax: 860-231-7359

## **CERTIFICATION OF SERVICE**

      The undersigned counsel of record for the plaintiff hereby certifies that service of the foregoing document by U.S. mail, postage prepaid, has been made on March 4, 2005, to:

L. Jeffrey Meehan, Esq.
Doherty, Wallace, Pillsbury and Murphy, P.C.
One Monarch Place
1414 Main Street
Springfield, MA  01144

Linda Clifford Hadley, Esq.
Krasow, Garlick & Hadley, LLC
One State Street
Hartford, CT  06103

Kenneth M. Rozich, Esq.
Law Firm of Edward D. Jacobs
PO Box 1952
New Haven, CT  06509

                                                              _____
                                                              Patrick Tomasiewicz