UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT J. MILNE, ) | CIVIL ACTION NO: 302CV660 CFD |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CATUOGNO COURT REPORTING ) | |
| SERVICES, INC., STEN-TEL, INC., ) | |
| AND RAYMOND F. CATUOGNO, ) | MARCH 4, 2005 |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR ORDER TO COMPEL DEPOSITION**

**Facts**

The facts underlying the request have been set forth in the plaintiff's Motion for Order to Compel Deposition dated March 4, 2005. Simply, the plaintiff seeks to take the deposition of Christine Cyboron, who is the office manager for the defendant. The defendant agreed to supply a convenient date for the taking of this deposition before the expiration of the final discovery deadline, and failed to do so. The deposition of Cyboron is important as she is contending that Mr. Milne prepared financial statements for the defendant that he refused to provide to Mr. Catuogno. Mr. Catuogno has testified that one of the reasons he agreed to pay Mr. Milne the sum of $40,000 was to

extract certain financial statements in the possession of the plaintiff. Mr. Milne alleges that he never prepared any financial statements for the defendant and, therefore, never withheld any such statements from him. A brief deposition of this witness is necessary to properly prepare this case.

**<u>Argument</u>**

"The district court enjoys broad discretion when resolving discovery disputes, which should be exercised by 'determining the relevance of discovery requests, assessing their oppressiveness, and weighing these factors in deciding whether discovery should be compelled." *Yancy v. Hooten,* 180 F.R.D. 203 (D.Conn. 1998) citing *In re Multi-Piece Rim Products Liability Litigation*, 653 F.2d 671, 679 (D.C.Cir. 1981); *Brenner v. Silver, Golub and Sandak*, No. B-88-283(EBB), slip op. at 2-3 (D.Conn. August 25, 1989).

In the case at bar, the parties are in contention regarding the taking of the deposition of Christine Cyboron and the plaintiff seeks a court order resolving this discovery dispute. Plaintiff contends that his request to take the deposition of Christine Cyboron does not prejudice the defendant in any way and that said deposition should take approximately two hours to complete. Additionally, information provided by the defendant in his deposition indicates that Ms. Cyboron is in possession of material and

pertinent information needed by the plaintiff in the preparation of his claim, and the lack of access to this information will be prejudicial to the plaintiff.  The plaintiff is of the opinion that the primary reason for the defendant's opposition to the Cyboron deposition is that the plaintiff is resisting the effort of the defendant to utilize an expert witness that has been disclosed seven months beyond the scheduling order.  This tug of war between the parties requires the intervention of the court.

       THE PLAINTIFF,


    By: _____
      Patrick Tomasiewicz  ct01320
      Fazzano, Tomasiewicz, Paulding & Barall
      836 Farmington Ave. Suite 109
      West Hartford CT 06119
      Tel: 860-231-7766
      Fax: 860-231-7359

**CERTIFICATION OF SERVICE**

      The undersigned counsel of record for the plaintiff hereby certifies that service of the foregoing document by U.S. mail, postage prepaid, has been made on March 4, 2005, to:

L. Jeffrey Meehan, Esq.
Doherty, Wallace, Pillsbury and Murphy, P.C.
One Monarch Place
1414 Main Street
Springfield, MA  01144

Linda Clifford Hadley, Esq.
Krasow, Garlick & Hadley, LLC
One State Street
Hartford, CT  06103

Kenneth M. Rozich, Esq.
Law Firm of Edward D. Jacobs
PO Box 1952
New Haven, CT  06509

                                                                                                         _____
                                                                                                            Patrick Tomasiewicz