UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CIVIL ACTION
NUMBER 302CV660CFD

| | | |
|---|---|---|
| ROBERT MILNE, | ) | |
| Plaintiff | ) | MEMORANDUM OF LAW OF |
| | ) | DEFENDANTS STEN-TEL, INC. |
| vs. | ) | AND RAYMOND F. CATUOGNO |
| | ) | IN SUPPORT OF THEIR MOTION |
| CATUOGNO COURT | ) | TO DISMISS THE PLAINTIFF'S |
| REPORTING SERVICES, INC., | ) | AMENDED COMPLAINT |
| Defendants | ) | |

**BACKGROUND/FACTS**

The plaintiff, Robert Milne, in his original complaint named three defendants including Catuogno Court Reporting Services, Inc., ("CCRS"), Sten-Tel, Inc. ("Sten-Tel"), and Raymond F. Catuogno ("Catuogno"). The defendants collectively filed a motion to dismiss the original complaint for lack of personal jurisdiction. Following oral arguments, Judge Gerard L. Goettel of this Court wrote a twenty-five page memorandum deciding that the Court would retain jurisdiction over CCRS, but that there was insufficient basis for the assertion of jurisdiction in this Court with regard to defendants Sten-Tel and Catuogno. Judge Goettel's decision was dated November 16, 2002 and was marked filed with this Court on November 19, 2002.

260164-1

**ARGUMENT**

The plaintiff's amended complaint, once again naming Sten-Tel and Catuogno as defendants in this action, must be dismissed because the amended complaint violates the law of the case. "Law of the case and res judicata are closely related legal concepts both resting on policy considerations favoring putting an end to litigation, saving judicial time, and bringing certainty to legal relations". Rezzonaico vs. H & R Block, Inc., 182 F. 3d. 144, 148 (1999). The concept of the doctrine of law of the case is similar to issue preclusion. Essentially it stands for the proposition that once "a court decides upon a rule of law, the decision should [generally] continue to govern the same issues and subsequent stages in the same case". Id. It has been said that "first, parties and courts have an interest in finality with regard to the disposition of particular claims as well as the disposition of lawsuits as a whole. That is precisely why there is a law of the case doctrine". Sargent vs. Columbia Forest Products, Inc., 75 F. 3d. 86, 91 (1996). The notion of the law of the case doctrine is to "maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit," 18 Wright, Miller & Cooper, Federal Practice and Procedure, Section 44478 at 788. Here, the plaintiff has elected to name in the amended complaint defendants who have been dismissed from the action by a prior ruling of a judge of this court. There exists no legal basis for undoing that decision. The matter was thoroughly briefed and orally argued in 2002. For these reasons, the plaintiff's amended complaint must now be dismissed.

260164-1

THE DEFENDANTS
STEN-TEL, INC. and
RAYMOND F. CATUOGNO


By_____
   L. Jeffrey Meehan, Esquire
   Doherty, Wallace, Pillsbury
     and Murphy, P.C.
   One Monarch Place
   1414 Main Street
   Springfield, MA 01144
   (413) 733-3111
   (413) 734-3910 (fax)
   B.B.O. Number 070540


## CERTIFICATE OF SERVICE

    I, L. Jeffrey Meehan, Esquire, counsel of record, hereby certify that I made service of the foregoing document by mailing a copy of same, postage prepaid, to Patrick Tomasiewicz, Esquire, Fazzano, Tamasiewicz & Paulding, 836 Farmington Avenue, Suite 109, West Hartford, Connecticut 06119 and to Linda Clifford Hadley, Esquire, Krasow, Garlick & Hadley, LLC, One State Street, Hartford, Connecticut 06103 on March 22, 2005.


_____
L. Jeffrey Meehan, Esquire
Doherty, Wallace, Pillsbury
 and Murphy, P.C.
One Monarch Place
1414 Main Street
Springfield, MA 01144
(413) 733-3111
(413) 734-3910 (fax)
Federal Bar Number CT23725

260164-1