UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CIVIL ACTION
NUMBER 302CV660CFD

| | |
|---|---|
| ROBERT MILNE, <br>   Plaintiff <br><br> vs. <br><br> CATUOGNO COURT <br> REPORTING SERVICES, INC. | DEFENDANT'S MEMORANDUM <br> OF LAW IN OPPOSITION TO <br> PLAINTIFF'S MOTION IN LIMINE <br> TO PRECLUDE TESTIMONY OF <br> EXPERT WITNESS |

**FACTS**

This is an action brought by the plaintiff, a certified public accountant, seeking judgment for a "bonus" or a "lookback fee" in the amount of $40,000 in the event of a sale of the defendant, Catuogno Court Reporting Services, Inc. ("CCRS"). Additionally, the plaintiff contends that he is entitled to judgment for approximately $30,000 in fees for provision of accounting services allegedly rendered to CCRS. Finally, the plaintiff seeks judgment for monetary compensation for the alleged breach of contract, infliction of emotional distress, fraud and negligent misrepresentation.

CCRS denies that it promised to pay the plaintiff a "bonus" or "lookback fee" upon the sale of CCRS. The defendant further contends that the plaintiff, on the eve of two proposed sales of CCRS, refused to produce the financial documentation necessary to facilitate the transaction unless he was paid a bonus. With regard to the plaintiff's

261728-1

claim for allegedly unpaid fees for accounting services, the defendant contends that the plaintiff overcharged the defendant for his alleged services and after it specifically ordered the plaintiff to limit the amount of time spent in the service of CCRS and he continued to overcharge the defendant. Finally, the defendant denies the validity of the plaintiff's claim for fraud, emotional distress, misrepresentation and breach of contract. The following is a chronology of pertinent activity relative to the completion of discovery and extension of deadlines for the same.

| Date | Activity |
|---|---|
| 4/12/02 | Complaint filed. |
| 4/23/02 | Complaint served on defendants. |
| 5/17/03 | Motion to dismiss served on plaintiff's attorney. |
| 7/18/02 | Judge Goettel's decision on defendants' motion to dismiss. |
| 12/17/04 | Initial notice of plaintiff's deposition served by mail 11/17/03 with requests for production of documents. |
| 1/13/04 | Re-notice of plaintiff's deposition served by mail with requests for production of documents. |
| 1/13/04 | Taking of plaintiff's deposition and production of documents by the plaintiff in a disorganized fashion. |
| 1/31/04 | Initial discovery deadline established by joint planning meeting and approved by Court on 2/6/03. |
| 3/29/04 | Receipt of notice of taking of deposition of Raymond Catuogno and requests or production of documents. |
| 3/31/04 | First enlargement of discovery deadline on motion of plaintiff's attorney filed on 1/26/04 and approved by the Court on 1/29/04. |
| 4/16/04 | Deposition of Raymond Catuogno and production of documents. |
| 4/16/04 | Service of Catuogno Court Reporting Services, Inc. pretrial disclosure per F.R.C.P. 26. |

261728-1

| | |
|---|---|
| 4/30/04 | Second enlargement of discovery deadline on motion of plaintiff's attorney filed on 3/24/04 and approved by the court on 3/31/04. |
| 5/19/04 | Provision by defendant's counsel to plaintiff's attorney of report of defendant's expert witness with curriculum vitae and fee schedule. |
| 5/21/04 | Third enlargement of discovery deadline on motion by defendant's counsel filed on 4/27/94 and approved by the Court on 5/5/04. |
| 3/25/05 | Service of plaintiff's pre-trial discovery per F.R.C.P. 26 |

CCRS does concede that in the initial joint planning meeting approved by Judge Goettel, a deadline for disclosure of the defendant's retained experts was set for October 15, 2003. The depositions of all lay witnesses were to be concluded by January 31, 2004 and the depositions of any expert witnesses designated by the defendant were to be completed by February 15, 2004. However on three occasions, as itemized in the above-referenced chronology, plaintiff's counsel moved for an extension of time to complete discovery. The last extension expired on May 21, 2004. Each of the motions to extend discovery was allowed by Judge Goettel in the following language of his endorsement: "Plaintiff's motion for enlargement of time to……complete discovery…is granted". It is obvious from the chronology set forth above, that neither party was pro-active in the completion of discovery in accordance with the schedule established by the planning meeting and endorsed by Judge Goettel. The plaintiff was on notice from the onset of the case, as indicated in the joint planning meeting, that the defendant had a clear intention to retain, and call, an expert witness at trial. Defense counsel began an effort to

261728-1

depose the plaintiff within the extended discovery deadline in November of 2003 which deposition was continued and re-noticed for January of 2004 eventually occurring on January 13, 2004. It was not until March of 2004, nearly two years after the filing of the action and well beyond the initial discovery deadlines, that plaintiff's counsel made the effort to depose Raymond Catuogno, the principal of CCRS, which deposition did occur along with the production of documents on April 16, 2004. On that same date, CCRS made pre-trial disclosure of anticipated witnesses and anticipated physical evidence pursuant to F.R.C.P. 26. By contrast, the plaintiff made its first pre-trial disclosure pursuant to F.R.C.P. 26 on March 2, 2005, ten months after the discovery deadline established by the allowance of the third motion for enlargement of the same.

On May 19, 2004 prior to the expiration of the third enlargement for completion of discovery as allowed by Judge Goettel, CCRS made disclosure of the report of its expert, his curriculum vitae and his fee schedule. Thereafter, no effort either by enlargement of the discovery period or special motion for leave to depose the plaintiff's expert during the ensuing ten or eleven months has been made by the plaintiff. The report itself is comprehensive and straightforward. It speaks to the contention that the defendant disclosed in its answer to the plaintiff's complaint that the plaintiff violated regulations both in Connecticut and Massachusetts relative to the profession of accounting.

The instant situation bears similarity to the case of <u>Croom vs. Western Connecticut State University</u>, 218 F.R.D. (2002) (copy attached). Judge Dorsey acted on a motion to preclude report and testimony of a party's expert for failing to comply with a discovery deadline. It is noted that the party offering the expert's testimony argued that

261728-1

"that the filing of various discovery motions or a ruling extending the discovery deadline implicitly extended the deadline for designating expert witnesses by implication". Id. at 17. (F.N. 1). The court remarked that "preclusion of evidence is a harsh remedy and should be utilized only on rare occasions when justice so requires". Id. at 17. Judge Dorsey also remarked that "the remedy of preclusion is not to be employed as a 'paper tiger" with parties capitalizing on technical mistakes and discovery, but rather should be employed sparingly when the circumstances demand such a drastic measure". Id. at 18. Here, while neither party was particularly aggressive in the completion of discovery, the defendant's efforts with respect to the taking of the adverse party's deposition, request for production of documents to the adverse party; the disclosure of an expert witness and the pre-trial disclosure pursuant to F.R.C.P. 26, they were all done prior to any corresponding efforts by the plaintiff. To preclude the defendant from calling an expert witness when the plaintiff is claiming entitlement to compensation for services in a profession, leaves the jury with no standard upon which the conduct of the plaintiff can be judged. Like actions for professional malpractice, actions for alleged compensation due for professional services by their nature require the testimony of expert witnesses to educate a jury as to what performance can be expected of an individual engaged in that profession. To strip the defendant of its ability to show that the conduct of Mr. Milne in his capacity as a certified, professional accountant was inappropriate, is to bar the defendant from asserting natural and essential defenses. Given the lack of alacrity in the pursuit of discovery in this case, such a preclusion would elevate form over substance and render a skewed result in this litigation. While CCRS has certainly contemplated a counterclaim because of a belief that the plaintiff acted inappropriately and overcharged

261728-1

it for this alleged work, such a maneuver would only prolong this unpleasant situation. The defendant has been trying to sever its relationship with the plaintiff since giving him a written notice of termination of the relationship on November 17, 2001. It was felt that a counterclaim would only prolong this unpleasant circumstance. CCRS argues that its disclosure of its expert witness within the timeframe established in the general endorsement by Judge Goettel for completion of discovery by May 21, 2004 was timely and appropriate. The lack of prejudice to the plaintiff is evident from the complete absence of any effort by the plaintiff to proceed with the taking of the deposition of defendant's designated witness since provision of his report and related materials on May 19, 2004. CCRS respectfully questions this Court to deny the motion in limine to preclude it from calling its expert witness.

        THE DEFENDANT
        CATUOGNO COURT REPORTING
          SERVICES, INC.


        By_____
          L. Jeffrey Meehan, Esquire
          Doherty, Wallace, Pillsbury
            and Murphy, P.C.
          One Monarch Place
          1414 Main Street
          Springfield, MA 01144
          (413) 733-3111
          (413) 734-3910 (fax)
          Federal Bar Number CT23725

## **CERTIFICATE OF SERVICE**

      I, L. Jeffrey Meehan, Esquire, counsel of record, hereby certify that I made service of the foregoing document by mailing a copy of same, postage prepaid, to Patrick Tomasiewicz, Esquire, Fazzano, Tamasiewicz & Paulding, 836 Farmington Avenue, Suite 109, West Hartford, Connecticut 06119 and to Linda Clifford Hadley, Esquire, Krasow, Garlick & Hadley, LLC, One State Street, Hartford, Connecticut 06103 on March 22, 2005.

 

_____
L. Jeffrey Meehan, Esquire
Doherty, Wallace, Pillsbury
 and Murphy, P.C.
One Monarch Place
1414 Main Street
Springfield, MA 01144
(413) 733-3111
(413) 734-3910 (fax)
Federal Bar Number CT23725

261728-1