Westlaw.

218 F.R.D. 15
218 F.R.D. 15
(Cite as: 218 F.R.D. 15)

Page 1

H

**Motions, Pleadings and Filings**

United States District Court,
D. Connecticut.
Jeffrey L. CROOM, Plaintiff,
v.
WESTERN CONNECTICUT STATE
UNIVERSITY, Defendant.
No. CIV.3:00CV1805(PCD).

April 3, 2002.

Employment discrimination suit was brought against university. On plaintiff's motion to compel, defendant's motion to quash, defendant's motion to exclude plaintiff's expert report and plaintiff's motion for leave to file a surreply, the District Court, Dorsey, J., held that: (1) plaintiff's failure to comply with local rule precluded grant of motion to compel; (2) deposition subpoenas directed to university officials would not be quashed on grounds of irrelevancy or undue burden; and (3) exclusion of plaintiff's expert report was not warranted by plaintiff's failure to provide a complete report by deadline.

Motions denied.

West Headnotes

**[1] Federal Civil Procedure ☞1278**
170Ak1278 Most Cited Cases
No order compelling discovery will issue absent a showing by the movant that the material sought is either directly relevant or likely to produce relevant material.

**[2] Federal Civil Procedure ☞1636.1**
170Ak1636.1 Most Cited Cases
Plaintiff's motion to compel responses to discovery requests contained in letter listing documents and discovery materials would be denied, where plaintiff failed to specifically identify which items in the letter were sought and articulate a basis for their production, in compliance with local discovery rule. U.S.Dist.Ct.Rules D.Conn., Civil Rule 9(d)(3).

**[3] Federal Civil Procedure ☞1353.1**
170Ak1353.1 Most Cited Cases
An order quashing a deposition subpoena is appropriate when the deposition imposes an undue burden on the deponent. Fed.Rules Civ.Proc.Rule 45(c)(3)(A)(iv), 28 U.S.C.A.

**[4] Federal Civil Procedure ☞1353.1**
170Ak1353.1 Most Cited Cases
Inconvenience alone will not justify an order quashing a deposition subpoena. Fed.Rules Civ.Proc.Rule 45(c)(3)(A)(iv), 28 U.S.C.A.

**[5] Federal Civil Procedure ☞1353.1**
170Ak1353.1 Most Cited Cases
Deposition subpoenas for chancellor of state university system, and system's executive officer for human resources, would not be quashed in discrimination suit, on ground that deponents had no personal knowledge of the facts of plaintiff's case thus their testimony was irrelevant; since plaintiff's claims could raise either disparate treatment or disparate impact theories of discrimination, it was not apparent that the depositions could not produce information relevant to a claim or defense or lead to admissible evidence. Fed.Rules Civ.Proc.Rule 26(b)(1), 28 U.S.C.A.

**[6] Federal Civil Procedure ☞1278**
170Ak1278 Most Cited Cases
Preclusion of evidence is a harsh remedy for discovery violation and should be utilized only on rare occasions when justice so requires.

**[7] Federal Civil Procedure ☞1278**
170Ak1278 Most Cited Cases
Exclusion of plaintiff's expert report was not warranted by plaintiff's failure to provide the expert's compensation or a list of the cases in which the expert appeared by the deadline, where defendant was served with the incomplete report approximately two weeks before the discovery

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

218 F.R.D. 15
218 F.R.D. 15
(Cite as: 218 F.R.D. 15)

Page 2

deadline, and it was not apparent that plaintiff's failure to supply a complete report before the deadline was willful. Fed.Rules Civ.Proc.Rule 26(a)(2)(B), 28 U.S.C.A.

*16 Jerry V. Leaphart, Jerry V. Leaphart & Associates, Danbury, CT, for plaintiff.

Joseph A. Jordano, Eleanor M. Mullen, Attorney General's Office, Hartford, CT, for defendant.

### RULINGS ON MOTION TO COMPEL, MOTION TO QUASH, MOTION TO EXCLUDE PLAINTIFF'S EXPERT REPORT AND MOTION FOR LEAVE TO FILE A SURREPLY

DORSEY, District Judge.

Presently before this court are plaintiff's motion to compel, defendant's motion to quash, **defendant's motion to exclude plaintiff's expert report** and plaintiff's motion for leave to file a surreply. For the reasons set forth herein, plaintiff's motion to compel is denied, defendant's motion to quash is denied, defendant's motion to exclude an expert report is denied and plaintiff's motion for leave to file a surreply is denied.

### I. MOTION TO COMPEL

[1][2] Plaintiff moves to compel responses to discovery requests contained in his letter dated January 16, 2002. The letter is a five-page, single-spaced list of documents and discovery materials sought unaccompanied by legal argument. No order compelling discovery will issue absent a showing by the movant that the material sought is either directly relevant or likely to produce relevant material. *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir.1992). Furthermore, D. CONN. L. CIV. R. 9(d)(3) requires that **memoranda filed in discovery disputes "shall contain a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery** sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed." As plaintiff has neither identified specifically what items from the letter are sought nor articulated a basis on which to grant his motion, the motion to compel is denied.

### II. MOTION TO QUASH

Defendant moves to quash the subpoenas for Dr. William Cibes, Jr., Chancellor of the Connecticut State University System, and Ernie Marquez, Connecticut State University System Executive Officer for Human Resources, arguing that their testimony would be irrelevant and that requiring their depositions would be oppressive, burdensome and not reasonably calculated to lead to admissible evidence. Plaintiff responds that defendant has failed to establish good cause for issuance of an order quashing the subpoenas.

[3] Although defendant does not expressly characterize its motion as a motion for a *17 protective order, its invocation of the standard contained in FED. R. CIV. P. 26(b)(2) requires its characterization as such. The burden is therefore on defendant to demonstrate good cause for issuance of the order quashing the subpoena and precluding the deposition. *See Penthouse Int'l, Ltd. v. Playboy Enters.*, 663 F.2d 371, 391 (2d Cir.1981) (citation omitted); *see also* FED. R. CIV. P. 26(c); *Dove v. Atl. Capital Corp.*, 963 F.2d 15, 19 (2d Cir.1992) (burden is on moving party to show good cause). A protective order is a safeguard against "injury, harassment, or abuse of the court's processes." *Bridge C.A.T. Scan Assocs. v. Technicare Corp.*, 710 F.2d 940, 944-45 (2d Cir.1983). An order quashing a subpoena is appropriate when the deposition imposes an undue burden on the deponent. *See* FED. R. CIV. P. 45(c)(3)(A)(iv). Defendant has satisfied neither the standard for a protective order nor the standard for an order quashing the subpoenas.

Defendant argues that Cibes and Marquez have no personal knowledge of the facts of plaintiff's case thus their testimony is irrelevant to plaintiff's claim. In so arguing, defendant characterizes plaintiff's discrimination claims as involving "disparate treatment" rather than "disparate impact." Such a characterization unduly narrows plaintiff's claims as it appears plaintiff's claims could raise either theory of discrimination. It is thus not apparent that the depositions could neither produce information relevant to a claim or defense nor lead to admissible evidence. *See* FED. R. CIV. P. 26(b)(1).

[4][5] Absent the argument that the discovery

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

218 F.R.D. 15
218 F.R.D. 15
(Cite as: 218 F.R.D. 15)

Page 3

sought is irrelevant, the crux of defendant's argument appears to be that the deponents would be inconvenienced by the depositions. Inconvenience alone will not justify an order quashing the subpoenas. *Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 407 (D.C.Cir.1984). "A reasonable inconvenience must be borne to further the goals of discovery-the making available to litigants all relevant and available information." *Id.* Defendant thus has established neither that the depositions would impose an undue burden on the deponents, *see* FED. R. CIV. P. 45(c)(3)(A)(iv), nor that the likely benefit of the depositions are exceeded by the burden imposed, *see* FED. R. CIV. P. 26(b)(2)(iii). Its motion for an order quashing the subpoenas is denied.

III. MOTION TO EXCLUDE PLAINTIFF'S EXPERT REPORT

Defendant's motion to exclude plaintiff's expert report is construed as a motion to preclude expert testimony for failure to provide a complete expert report by the deadline of December 31, 2001. Plaintiff responds that he designated his expert by the deadline or, if he failed to meet the deadline, any delay was negligible and does not justify preclusion. [FN1]

> FN1. Plaintiff does not account for his failure to comply with the December 31, 2001 deadline for designation of expert witnesses. He instead argues that the filing of various discovery motions or a ruling extending the discovery deadline implicitly extended the deadline for designating expert witnesses by implication. Plaintiff identifies no basis in law for this proposition. Neither party sought an extension of time to designate expert witnesses, thus the relevant deadline was December 31, 2001.

The following facts are relevant to the present motion. The parties were required by pretrial order to disclose expert witnesses by December 31, 2001. On January 14, 2002, defendant received an expert report that did not conform to FED. R. CIV. P. 26(a)(2)(B) as it did not provide the expert's compensation or a list of the cases in which the expert appeared. On February 19, 2002, plaintiff provided defendant with the missing portions of the expert report.

[6][7] Defendant argues that the deficiencies in the expert report justify preclusion of expert testimony. Preclusion of evidence is a harsh remedy and should be utilized only on rare occasions when justice so requires. *See Update Art. Inc. v. Modiin Publ'g. Ltd.*, 843 F.2d 67, 71 (2d Cir.1988). The present circumstances do not justify preclusion. Defendant was served with the expert report, albeit an incomplete expert report, approximately two weeks before the discovery deadline. Defendant thus cannot now claim that it was unaware of the substance of the expert *18 witness's testimony after the report was received on January 14, 2002. Defendant did not raise the technical defect in its previous motion to preclude expert testimony filed before the discovery deadline on January 29, 2002. An additional consideration in determining whether to preclude evidence is the willfulness of the discovery violation argued in support of preclusion. *See id.* It is not apparent that plaintiff's failure to comply with the discovery requirements was willful. The remedy of preclusion is not to be employed as a "paper tiger" with parties capitalizing on technical mistakes in discovery, but rather should be employed sparingly when the circumstances demand such a drastic measure. *See id.* The present circumstances do not merit such a measure. The motion to preclude expert testimony is denied.

In the alternative, defendant moves for a ninety-day extension of time to depose plaintiff's expert and to file its designation of expert witness and expert report. Defendant was aware of plaintiff's expert on January 14, 2002, and thus had ample opportunity to identify an expert witness. The parties are granted an extension of two weeks from the date of this order to depose plaintiff's expert witness and designate and depose any witness selected by defendant to rebut the testimony of plaintiff's expert witness.

IV. CONCLUSION

Plaintiff's motion to compel (Doc. 77) is **denied**, defendant's motion to quash (Doc. 81) is **denied**, defendant's motion to exclude plaintiff's expert report (Doc. 90) is **denied** and plaintiff's motion for leave to file a surreply (Doc. 97) is **denied** as moot.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

218 F.R.D. 15
218 F.R.D. 15
**(Cite as: 218 F.R.D. 15)**

Page 4

SO ORDERED.

218 F.R.D. 15

**Motions, Pleadings and Filings (Back to top)**

. 3:00CV01805  (Docket)

(Sep. 19, 2000)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.