UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____  )
                                )
ROBERT J. MILNE,                ) CIV. ACTION NO: 302CV660 CFD
            Plaintiff,          )
                                )
vs.                             )
                                )
CATUOGNO COURT REPORTING        )
SERVICES, INC., STEN-TEL, INC., )
AND RAYMOND F. CATUOGNO,        ) APRIL 8, 2005
            Defendants.         )
_____  )

**MEMORANDUM OF LAW IN REPLY TO MOTION
OF DEFENDANTS TO DISMISS PLAINTIFF'S AMENDED
COMPLAINT, MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE
TESTIMONY OF EXPERT WITNESS, AND OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL DEPOSITION**

The plaintiff will seek to clarify the issues in dispute and their resolution for the Court in his reply brief.

With respect to the plaintiff's Amended Complaint, certain defendants had been previously dismissed as parties that, inadvertently, were renamed as defendants. The plaintiff intends to amend his Complaint to delete these improper references.

In its motion opposing preclusion of its expert witness, the defendant rails the plaintiff for not moving to take the expert's deposition or extending the deadline to do so, but fails to address the costs of deposing the defendant's expert and retaining plaintiff's own expert. These litigation expenses should not have to be incurred by the plaintiff when the defendant never moved for an extension of the time frame to disclose an expert witness and filed a notice of its expert seven months late. Hiring an expert witness as an accountant does not come cheap. Deposing an expert can also be costly. The defendant pays little heed to these assertions and, instead, continues with its efforts to launch an expert into this case after the deadline expired.

Although the defendant was seven months late in disclosing its expert, it refuses to allow one deposition of a fact witness. Perhaps if the defendant had been more cooperative during discovery with respect to the taking of this deposition, then the motion to preclude filed by the plaintiff might have been avoided. If the Court decides that the defendant should be entitled to use an expert witness, then the plaintiff requests an additional sixty days to disclose his expert, and that the costs of retaining an expert and paying for the deposition of the defendant's expert be paid by the defendant.

The defendant also refers to the Rule 26 disclosure by the plaintiff as first being made on March 25, 2005. During the plaintiff's deposition, which occurred on January 13, 2004, the plaintiff provided copies of exhibits to the defendant *on the record* during the defendant's deposition. There was no objection at that time to the manner in which the documents were produced. At the deposition, plaintiff's counsel referred to the transfer of documents as part of a Rule 26 disclosure. At the deposition of Mr. Catuogno, a courteous transfer of documents occurred between counsel in the spirit of Rule 26. At that time, no transfer of any documents had been made by the defendant to the plaintiff. Also, within the time frame of the scheduling order, the plaintiff provided his computation of damages to the defendant as a part of his Rule 26 disclosure. Robert Milne has been the only witness thus far offered by the plaintiff and he has been deposed. The defendant, however, chooses to date the plaintiff's first Rule 26 disclosure as of March 2, 2005. Viewing the date provided by the defendant as the triggering date for the Rule 26 disclosure is viewing the history of this case through a distorted lens.

To summarize, the plaintiff moves the Court to grant his Motion in Limine to Preclude Testimony of Expert dated March 4, 2005, and to allow the plaintiff to take the deposition of Christine Cyboron, a deposition that the plaintiff estimates can be

completed inside of two hours. The arguments in support of these motions have been previously set forth.

    THE PLAINTIFF,

  By: _____
    Patrick Tomasiewicz  ct01320
    Fazzano, Tomasiewicz, Paulding & Barall
    836 Farmington Ave. Suite 109
    West Hartford CT 06119
    Tel: 860-231-7766
    Fax: 860-231-7359

## CERTIFICATION OF SERVICE

      The undersigned counsel of record for the plaintiff hereby certifies that service of the foregoing document by U.S. mail, postage prepaid, has been made on April 8, 2005, to:

L. Jeffrey Meehan, Esq.
Doherty, Wallace, Pillsbury and Murphy, P.C.
One Monarch Place
1414 Main Street
Springfield, MA  01144

Linda Clifford Hadley, Esq.
Krasow, Garlick & Hadley, LLC
One State Street
Hartford, CT  06103

Kenneth M. Rozich, Esq.
Law Firm of Edward D. Jacobs
PO Box 1952
New Haven, CT  06509

                                                                                 _____
                                                                                 Patrick Tomasiewicz